UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN CALDWELL O/B/O K.S.,           Case No. 1:12-cv-743
    Plaintiff,                                  Dlott, J.
                                               Litkovitz, M.J.
    vs.

COMMISSIONER OF                    REPORT AND
SOCIAL SECURITY,                   RECOMMENDATION
    Defendant.

This matter is before the Court on plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA") (Doc. 14), the Commissioner's response in opposition (Doc. 15), and plaintiff's reply memorandum in support of her application for EAJA fees. (Doc. 17).

On April 11, 2013, the District Court issued a final appealable Order vacating the ALJ's decision and remanding this matter to the Commissioner for further administrative proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 12). Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Sec'y of H.H.S.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on May 10, 2013, and was therefore timely. This matter is now ripe for a decision on plaintiff's motion for fees.

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under the EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)).

**Prevailing Party**

The EAJA allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. (Doc. 14-2). Moreover, plaintiff became the "prevailing party" when she obtained an order vacating the ALJ's decision and remanding the matter for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). *See Shalala v. Schaefer*, 509 U.S. 292, 300-302 (1993) (Social Security claimant who obtains a Sentence Four judgment reversing denial of benefits and requiring further proceedings is "prevailing party" for purposes of the EAJA).

2

**Substantial Justification**

For its position to be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA - like other fee-shifting statutes - favors treating a case as an inclusive whole, rather than as atomized line-items."). It is the government's burden under the EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

In the present case, there is no dispute that the Commissioner's position was not substantially justified. The Commissioner chose not to defend the agency decision denying benefits on appeal to this Court. Rather, instead of responding to plaintiff's Statement of Errors, the Commissioner filed a joint motion for remand with plaintiff pursuant to which the Commissioner agreed that the ALJ's decision would be vacated and that the ALJ would conduct further proceedings and develop the administrative record as necessary on remand to determine whether plaintiff is disabled. (Doc. 11). The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

3

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

**Calculation of Fee Award**

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of fees in the amount of $5,853.11 and costs in the amount of $350.00. (Doc. 14). The requested hourly attorney fee is $182.34, representing the $125.00 hourly rate set by the EAJA statute adjusted for inflation, per month, based on the cost of living increases since enactment of the EAJA. (Doc. 14, Ex. A; Doc. 14-3, Time Sheet Summary).

The Commissioner challenges plaintiff's requested increase in the EAJA statutory rate to $182.34 per hour. The Commissioner argues that plaintiff relies "solely" on the increase in the Midwest urban Consumer Price Index ("CPI") to seek an increase in the EAJA statutory rate and that she has failed to produce appropriate evidence to support the requested increase. (Doc. 15 at 2-5). The Commissioner relies on *Mathews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011),

4

to argue that an hourly rate increase is not justified unless a plaintiff in a Social Security case can show that competent Social Security counsel willing to accept a disability case could not be found in the relevant geographical area absent the cost-of-living increase. (Doc. 15 at 4). The Commissioner cites several cases to show that plaintiff here cannot meet her burden because plaintiffs' attorneys in Ohio are routinely requesting the statutory cap of $125 per hour for work on disability cases, or in some cases, less. (*Id.* at 4-5) (citing *Major v. Comm'r of Soc. Sec.*, No. 1:10-cv-530, 2012 WL 2036471 (S.D. Ohio June 6, 2012) (involving a Cincinnati practitioner) (Doc. 15, Ex. A); *King v. Comm'r of Soc. Sec.*, No. 2:10-cv-800, 2012 WL 3132655 (S.D. Ohio Aug. 1, 2012) (involving a Cleveland attorney) (Doc. 15, Ex. B); *Davis v. Commissioner of Social Sec.*, No. 1:06-cv-838, 2008 WL 4845305 (S.D. Ohio Nov. 7, 2008) (involving a Cincinnati attorney); *Henretta v. Comm'r of Soc. Sec.*, No. 1:12-cv-1320 (N.D. Ohio May 25, 2012) (involving a Cleveland attorney) (Doc. 15, Ex. D).

In reply, plaintiff argues that the requested hourly rate of $182.34 is reasonable and is in keeping with the hourly rate paid to attorneys in the Cincinnati area. Plaintiff has submitted additional evidence, and she distinguishes the authorities cited by the Commissioner. (Doc. 17).

As an initial matter, the undersigned is not persuaded by the Commissioner's argument that before the hourly rate may be increased based on an increase in the cost-of-living, plaintiff must prove that no lawyer in the relevant geographical area is available to competently handle a Social Security disability appeal at the statutory rate. First, the Seventh Circuit's decision in *Mathews-Sheets* is not binding precedent on district courts within the Sixth Circuit. *See Teel v. Commissioner of Social Sec.*, No. 1:10-cv-613, 2012 WL 1940627, at *3 (S.D. Ohio May 29,

5

2012) (Report and Recommendation), *adopted*, 2012 WL 2408716 (S.D. Ohio June 26, 2012) (Beckwith, J.). In fact, "no Court within the Sixth Circuit has required proof that no competent attorney exists in the Greater Cincinnati area to handle a plaintiff's case at the statutory rate, in order to prove entitlement to a rate increase." *Russell ex rel. Roach v. Astrue*, No. 1:10-cv-746, 2012 WL 1902550, at *2 (S.D. Ohio April 11, 2012) (Bowman, M.J.) (Report and Recommendation), *adopted*, 2012 WL 1902392 (S.D. Ohio May 25, 2012) (Barrett, J.). Second, the Commissioner's argument erroneously conflates the two separate provisions justifying an increase in the $125.00 rate under EAJA. *Teel*, No. 1:10-cv-613, 2012 WL 1940627, at *3. The statute provides that EAJA fees are based on the prevailing market rate and should not exceed $125.00 per hour "*unless* the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added).[1] Further, as noted by the Court in *Russell*: "Proving a negative is always difficult, but proving the negative proposition as phrased by defendant suggests a nearly impossibly high bar for recovery of an award in excess of the statutory rate." No. 1:10-cv-746, 2012 WL 1902550, at *2. Thus, the undersigned rejects the Commissioner's argument.

Turning to the determination of the hourly rate for an attorney fee award in this matter, this Court must first consider the prevailing market rate charged by Social Security practitioners

---

[1] As the undersigned noted in *Teel*, 2012 WL 1940627, at *3 n.2: "[T]he court in *Mathews-Sheets* recognized that 'a fee of $125 for legal services rendered in 2009 in a social security disability appeal seems awfully low' and that even at the amount requested by counsel in that case, '$170 an hour[,] the total fee award would be only $9,010.' 653 F.3d at 564."

6

in southwestern Ohio. *See* 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon *prevailing market rates* for the kind and quality of the services furnished. . . .") (emphasis added). *See also Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984) (in determining reasonableness of attorney fees court must consider whether requested rates are in line with those prevailing in community for similar services by lawyers of reasonably comparable skill, experience and reputation).

In *Bryant,* 578 F.3d at 44, the Sixth Circuit upheld the district court's refusal to add a cost-of-living increase to the statutory EAJA rate of $125.00. The Court of Appeals reiterated that the burden of justifying an increase in the statutory hourly rate rests with the EAJA plaintiff. *Id.* at 450 (citing *Blum,* 465 U.S. at 898). In the proceedings below in *Bryant,* the district judge stated that the plaintiff's burden to establish the prevailing market rate may be met through "evidence of legal fees charged in the same geographic area for the pertinent area of practice" and that the district court may take "judicial notice of the historical fee reimbursement rate in the district." *Turner v. Astrue,* No. 06-450, 2008 WL 2950063, at *1 (E.D. Ky. July 30, 2008), *aff'd sub nom., Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443 (citing *London v. Hatter,* 134 F.Supp.2d 940, 941-942 (E.D. Tenn. 2001)). The district court determined that an increase in the statutory hourly rate was not justified in the two cases before it because the plaintiffs' counsel had failed to provide proof that the reasonable and customary attorney fee for comparable work in the relevant geographical area exceeded $125.00 per hour. The Court of Appeals found no abuse of discretion by the district court in limiting the hourly rate to the $125.00 statutory rate where the

plaintiffs' attorney submitted only the Department of Labor's CPI to support the request for an increase in the statutory hourly rate based on inflation. *Bryant,* 578 F.3d at 450.

In light of *Bryant,* this Court has previously required plaintiffs' counsel to submit evidence justifying an increase in the statutory hourly rate, including evidence of counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. *See, e.g., Powell v. Commissioner of Social Sec.,* No. 2:12-cv-746, 2013 WL 1316002, at *2 (S.D. Ohio March 28, 2013) (Report and Recommendation), *adopted,* 2013 WL 1751565 (S.D. Ohio Apr. 23, 2013) (Watson, J.) (awarding $180.00 per hour in attorney fees); *Ayers v. Astrue,* No. 1:10-cv-30, 2011 WL 5506096, at *4 (S.D. Ohio Oct.18, 2011) (Report and Recommendation), *adopted,* 2011 WL 5445927 (S.D. Ohio Nov. 10, 2011) (Barrett, J.) (awarding $170.00 per hour in EAJA fees); *Sturgeon v. Comm'r of Soc. Sec.,* No. 1:08-cv-510, 2009 WL 5194385, at **4-5 (S.D. Ohio Dec. 22, 2009) (Beckwith, J.) (awarding $170.00 per hour in EAJA fees). In each of these cases, the plaintiff provided an affidavit of counsel, as well as copies of publications showing average billable hourly rates nationally and/or locally, establishing that the requested hourly rates were in line with the prevailing market rates for the relevant geographic area. *See, e.g., Ayers,* No. 1:10-cv-30, 2011 WL 5506096, at *4 (noting October 2007 study showing average billable hourly rate of $175 for the Greater Cincinnati area and 2004 report showing mean billable hourly rate of $ 213 for downtown Cincinnati law firms); *Powell,* No. 2:12-cv-746, 2013 WL 1316002 (noting Ohio State Bar Association survey

reflecting 2010 mean billing rate in Ohio for attorneys with more than 25 years of experience in practice was $229 per hour).

In this case, plaintiff has submitted ample evidence in support of the requested hourly rate. In addition to the affidavit of counsel, plaintiff has submitted affidavits of other attorneys experienced in Social Security disability cases and familiar with counsel's level of skill and expertise, as well as an Ohio State Bar Association survey conducted in 2010 showing the prevailing market rates for attorneys in various categories. The 2010 survey of attorney fee rates shows a mean hourly rate of $231 per hour for Greater Cincinnati and $251 per hour for downtown Cincinnati.[2] The Court is permitted to consider evidence of legal fees charged in the same geographic area, as well as to take judicial notice of the historical fee reimbursement rate in this district, in determining the prevailing market rate for the case before the Court. *See Turner,* No. 06-450, 2008 WL 2950063, at *1. *See also Powell,* No. 2:12-cv-746, 2013 WL 1316002 (awarding $180.00 per hour); *Renneker v. Astrue,* No. 1:10-cv-386, 2012 WL 12696 (Jan. 4, 2012) (awarding $171.43 per hour for 2010 and $176.49 per hour for 2011).

In light of the cases in the Southern District of Ohio cited above, as well as the Ohio State Bar Association survey, the undersigned takes judicial notice that the prevailing market rate in the local Cincinnati and southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is in line with $182.43 per hour, the amount requested

---

[2] *See* The Economics of Law Practice in Ohio, Ohio State Bar Association (found at http://www.ohiobar.org/General%20Resources/pub/2010_Economics_of_Law_Practice_Study.pdf) (excerpt attached to plaintiff's reply memorandum, Doc. 17, Ex. A).

9

by counsel. In addition, the evidence submitted by counsel in the instant case (Doc. 14, Atts. 14-3, 14-4, 14-5, 14-6; Doc. 17, Ex. A) confirms that the prevailing market rate in the relevant community is in line with the requested rates.

Although the cost of living "has risen since the enactment of the EAJA," the decision whether this increase justifies a fee in excess of the $125.00 statutory rate that went into effect on March 29, 1996,[3] is a matter left within the district court's discretion. *Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199, 200 (6th Cir. 1992). The $125.00 "statutory rate is a ceiling and not a floor." *Id.* at 199 (citing *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in original). The Court of Appeals has "neither precluded cost of living adjustments in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

This District Court has determined that the cost of living increase should be based on the multiplier for the particular year in which compensable services were rendered (historic rates), rather than for the year in which the plaintiff filed his EAJA petition (current rates). *See Jones v. Comm'r of Soc. Sec.*, No. 1:0-5cv-789, 2007 WL 1362776, at *4 (S.D. Ohio May 8, 2007)

---

[3] *See London v. Halter*, 203 F. Supp.2d 367, 373 (E.D. Tenn. 2001) (citing Contract with America Advancement Act of 1996, PL 104-121, §§ 231-233).

(Barrett, J.). *See also Fantetti v. Comm'r of Soc. Sec.*, No 1:08-cv-621, 2010 WL 546729, at *3 (S.D. Ohio Feb. 12, 2010) (Dlott, C.J.). In determining the increased rate to use, the Court notes that the CPI is published on a monthly basis as well as on an annualized basis. Because of the computational difficulties inherent in using monthly multipliers for each of the months in which services were performed, the Court should use the cost of living multiplier applicable to the particular year in which fees were incurred. *Renneker*, No. 1:10-cv-386, 2011 WL 6950510, at *6 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994); *Knudsen v. Barnhart*, 360 F. Supp.2d 963, 974 (N.D. Iowa 2004); *Gates v. Barnhart*, 325 F. Supp.2d 1342, 1347 (M.D. Fla. 2002)). In the event an annualized multiplier is not available for the latest year in which services were performed, the Court should average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year. *Id.* (citing *Knudsen*, 360 F. Supp.2d at 975; *Gates*, 325 F. Supp.2d at 1347).

Applying these principles to the instant case, the Court notes that plaintiff has requested a cost of living increase for services rendered after March 29, 1996, the date the statutory rate increased from $75.00 to $125.00. The Court finds that an increase in the statutory $125.00 fee is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of the EAJA. Plaintiff has requested an hourly rate based on the CPI for "All Items" for urban consumers in the Midwest region. (Doc. 14 at 2 n.1; Ex. A). This is consistent with prior decisions of judges in this district who have applied the CPI for "All Items" in calculating the appropriate cost of living increase. *See Renneker,* No. 1:10-cv-386, 2012 WL 12696, at *1; *Adkins v. Comm'r of Soc. Sec.*, No. 1:07-cv-073, 2011 WL 2020647, at *2 (S.D.

Ohio May 24, 2011) (Barrett J.) (recognizing discrepancy among decisions and citing cases).[4] The Court in *Adkins* determined that the appropriate index is that found in the "All Items" category, and the Court in *Renneker* adopted the undersigned's decision to apply the CPI for "All Items" in that case. Accordingly, the Court will apply the CPI for "All Items" in the instant case.

Plaintiff seeks attorney fees for work performed in 2012 and 2013. Plaintiff has requested one hourly fee for each year rather than requesting distinct rates for each year. As this is not the preferred method for calculating a fee award, the Court will apply the annual multiplier applicable to the work performed in each year. *See Herold v. Commissioner of Social Sec.*, No. 1:11-cv-758, 2012 WL 6675936 (S.D. Ohio Dec. 21, 2012) (Report and Recommendation), *adopted*, 2013 WL 228035 (S.D. Ohio Jan. 22, 2013) (citing *Marcus v. Shalala*, 17 F.3d 1033, 1040 (6th Cir. 1994)). Consequently, the Court will set the hourly rate for work performed in 2012 at $180.54 (2012 CPI of 219.100 divided by March 1996 CPI of 151.7 multiplied by $125.00). Plaintiff will receive the requested hourly rate of $182.34 for work performed in 2013.[5]

Plaintiff has not requested an increase in the rate based upon any "special factor." *See* 28 U.S.C. § 2412(d)(2)(A). Accordingly, the Court need not address the "special factor" inquiry.

---

[4] The Court in *Adkins* used the CPI index for the Midwest region without addressing whether it was appropriate to use this index as compared to the U.S. City average index given that the Commissioner did not object to the use of the regional index. *Adkins*, 2011 WL 2020647, at *1 n.2.

[5] Under the CPI for Midwest urban consumers for "All Items," the hourly rate for work performed in 2013, calculated by averaging the monthly multipliers "for each of the applicable months" in 2013 (*see Renneker*, No. 1:10-cv-386, 2011 WL 6950510, at *6), yields an hourly rate of $182.59 (average of monthly CPI multipliers through May 2013 of 221.596 divided by March 1996 CPI of 151.7 multiplied by $125.00). This exceeds plaintiff's requested rate of $182.34 for work performed in 2013. *See Herold*, No. 1:11-cv-758, 2012 WL 6675936, at *5.

The Court next turns to a discussion of the applicable hours plaintiff's counsel worked relative to the Sentence Four remand, *i.e.*, the time to which the hourly rates of $180.50 and $182.50 shall be applied. Counsel for plaintiff submits that 32.10 hours of attorney time was spent on this case before the District Court, including 5.5 hours on the EAJA fee petition.[6] (Doc. 14, Att. 14-3). Of this total, 6.3 hours of work were performed in 2012 and 25.80 hours were performed in 2013. The Commissioner challenges this number as excessive on two grounds: (1) counsel spent nearly 17% of the requested time preparing the fee petition, and (2) the arguments presented in the Statement of Errors led to a stipulated remand, so that counsel for plaintiff was not required to prepare a reply brief, review a Report and Recommendation, or file objections to the Report and Recommendation. (Doc. 15 at 6-7). The Commissioner relies on *Thatch v. Commissioner of Social Sec.*, No. 09-cv-0454, 2012 WL 2885432, at *5 (N.D. Ohio July 13, 2012) in support of her arguments. (*Id.*).

The Court finds *Thatch* is inapposite to the present case. The Court in *Thatch* found that the attorney fee petition before it was "so bereft with problems that a complete denial of the motion [was] required." *Id.*, at *2. The Court described the "pro forma motion" as "rife with errors, misstatements, and omissions," citing among other blatant errors the attorney's deliberate attempts to bill for work done by others at her hourly rate and her inability to identify who performed the activities itemized in her billing statement. *Id.*, at **5, 7.

---

[6] Plaintiff asserts that counsel has not billed for four hours of work that he believes were only partially necessary. (Doc. 14 at 2-3).

The facts that led to denial of the attorney fee petition in *Thatch* have no applicability to the present case. Counsel for plaintiff did not present a "pro forma" fee petition in this case. To the contrary, counsel here presented a thorough and well-researched fee application with supporting documentation and detailed billing entries. (Doc. 14). The hours expended on the petition are reasonable. Further, the Commissioner does not suggest that the fee petition contains any errors or omissions, and the Court discerns none. Accordingly, the Court declines to reduce the hours on the ground counsel devoted an excessive amount of time to preparing the fee petition.

Second, the Commissioner asserts that the time spent on the case "appears to be somewhat high" given that the filing of the Statement of Errors generated a stipulated remand. (Doc. 15 at 7). The record shows that counsel spent 23.6 hours preparing and filing the Statement of Errors. The EAJA allows an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). Reasonable fees are "in light of all the circumstances . . . reasonable hours times a reasonable rate[.]" *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). In determining the reasonableness of a fee request, courts should consider "individual characteristics, including, but not limited to, the complexity of the case or the novelty of the issues" and the experience of the attorney. *Glass v. Sec'y of H.H.S.*, 822 F.2d 19, 22 (6th Cir. 1987). Plaintiff's attorney has a duty to thoroughly prepare the submissions made to the Court, and it is reasonable to devote 23.6 hours to the preparation and filing of a Statement of Errors. *See Renneker,* No. 1:10-cv-386, 2011 WL 6950510, at *8 (holding that it is reasonable to spend 27.5 hours in preparation of filing a Statement of Errors); *Dent v. Astrue*, No. 07-2238, 2008 WL 2278844, at *3 (W.D. Tenn.

14

May 30, 2008) (same). The Commissioner does not assert what a reasonable number of hours would be in this particular matter, and her contention that the number of hours requested by plaintiff "appears to be somewhat high" and should be reduced if the Court deems it appropriate (Doc. 15 at 7) is unsupported and speculative. As the Commissioner has presented no basis in law or fact upon which the Court should base a decision to reduce the hours sought to be compensated by counsel for plaintiff, the Court declines to arbitrarily reduce the hours plaintiff's attorney spent on this matter.

In light of the above findings, the Court determines that plaintiff is entitled to attorney fees for 32.10 hours of work, with 6.3 hours performed in 2012 at an hourly rate of $180.54 yielding $1,137.40 and 25.8 hours performed in 2013 at an hourly rate of $182.34 yielding $4,704.37, for a total of $5,841.77. The Court finds such a fee is reasonable and should be awarded under the EAJA. The award is payable to plaintiff rather than plaintiff's counsel. *See Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2529 (2010). *See also Renneker*, No. 1:10-cv-386, 2012 WL 12696, at *2 (noting that "assignment of an EAJA award executed in advance of any actual award, violates the Anti-Assignment Act, 31 U.S.C. § 3272" and that to make an award directly to the attorney before the Commissioner determines whether the plaintiff owes a pre-existing debt to the United States against which the EAJA fee award could be offset "would jeopardize the ability of the United States to collect such debts, if any exist"). As the award of EAJA fees may be offset against any pre-existing debt plaintiff may owe to the United States, the fee must be made to plaintiff and not to plaintiff's attorney.

The Court therefore **RECOMMENDS** that the EAJA fee petition be **GRANTED** and that plaintiff be **AWARDED** $5,841.77 in attorney fees and $350.00 in costs for a total award of $6,191.77.

Date: 9/10/13

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| KAREN CALDWELL O/B/O K.S., <br> Plaintiff, | Case No. 1:12-cv-743 <br> Dlott, J. <br> Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF <br> SOCIAL SECURITY, <br> Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).